### THE STATE *VS.* WELCH.

1. An admission, by a defendant, in a criminal case, is strong evidence of guilt—but it is not conclusive. He may shew that it originated in mistake, or explain it by circumstances.

2. A confession, unless it be an admission, by plea, is merely evidence to be determined by a jury.

3. A bet is a wager, and the betting is complete, when the offer to bet is accepted  The placing of money, or its representative, on the gaming tab'e, is such an offer; and if no objection be made by the player or owner of the tab'e or bank, it is an acceptance of the offer,  and the offence against the statute is complete, a'though from any cause whatever, the game should never be played out, and the stake be neither lost or won.

Error to the Circuit court of Cherokee county.

Indictment for betting at a gaming table—tried before *Martin,* J.  The defendant, in this case, was indicted for betting upon a gaming table, called " Jim Crow," and plead *non culpabilis.*  The jury returned a verdict of guilty.

On the trial of the cause, it was admitted by defendant, that if any betting at a gaming table could be proved, it was at a gaming table called " Jim Crow." On the part of the State, it was proved, that the defendant was seen  betting checks on a table,  called and known as an A B C table.  On the part of defendant, it was proved by a witness, skilled in matters of this kind, that there is not known  any gaming table, called " Jim Crow," and that he never heard of a table by that name.

Defendant asked the court to charge the jury, that if

they believed from the testimony, the betting done by defendant, was at a ... of table,—they ought to find for the defendant, notwithstanding the admission above mentioned;—which the court declined, and said he would charge the jury the reverse of that proposition.—Defendant also desired the court to charge, that if the jury believed from the testimony, that defendant took up his bet, before it was won or lost, that he was not guilty, which the court also declined; and charged the jury, that it was not necessary that the event upon which the bet was made should be determined, to produce guilt ; and further, that if the jury believed, that money or any other valuable was bet, or hazarded, although the same was not won or lost—defendant was guilty as charged.

*William B. Martin*, for plaintiff in error.
*Attorney-General*, contra.

ORMOND, J.—The court erred in refusing to give the first charge moved for. A confession, in a criminal case, unless it be an admission by plea, is evidence merely to be determined by the jury.

It appears that there was a variance between the confession of the defendant, and the testimony produced by the State, as to the name of the table at which the gaming took place. An admission by a defendant, in a criminal case, is strong evidence of his guilt; but it is not conclusive. He may show that it originated in mistake, or explain it by circumstances.— (See the authorities collated in 3 Starkie on Evidence, 1146.)

It was the duty of the court to have charged on all the

The State *vs.* Welch.

testimony, leaving the jury to determine the result. But the only construction which can be put on the charge, is, that the court instructed the jury, that they must reject the evidence offered by the State, and find the defendant gnilty on his confession.

A bet is a wager ; and the betting is complete, when the offer to bet is accepted. The placing of money, or as in th s case, which is as its representative, on the gaming table, is such an offer ; and if no objection be made by the player or owner of the table or bank, it is an acceptance of the offer, and the offence against the statute is complete—although from any cause whatever, the game should never be played out, and the stake be neither lost or won. The offence which the act designed to punish, is betting, not the winning or losing.

Let the judgment be reversed, and the cause remanded.